## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | **Case No. 12-02072-TLM** |
| JUSTIN AARON JOHNSON, ) | |
| HEIDI LOUISE JOHNSON, ) | |
| ) | **Chapter 13** |
| Debtors. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION

**BACKGROUND AND FACTS**

On August 24, 2012, Justin Aaron Johnson and Heidi Louise Johnson ("Debtors") filed a voluntary petition for relief under chapter 13 commencing this case.[1] They scheduled "FIA Card Services - B of A" ("FIA") as an unsecured creditor on their schedule F, alleging it held a claim of $3,847.00. Doc. No. 1 at 24. The claim was not shown as contingent, unliquidated or disputed. Debtors indicated that the claim arose from "misc. purchases." *Id.*

FIA timely filed a proof of claim on September 12, 2012. *See* Proof of Claim No. 6-1 ("Claim"). The Claim asserts an unsecured liability of $3,847.32 – a figure virtually identical to Debtors' scheduling. The Claim indicates that FIA is

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11, U.S. Code §§ 101-1532, and all rule citations are to the Federal Rules of Bankruptcy Procedure 1001-9037.

MEMORANDUM OF DECISION - 1

the successor in interest to Bank of America, N.A. (USA) and to MBNA America Bank, N.A.. *Id.* The Claim indicates that its credit card charges.

On September 20, 2012, Debtors filed an objection to the Claim. Doc. No. 24 ("Objection"). The Objection alleges the Claim should be disallowed for distribution "because proof of claim number 06 lacks any corresponding proof of the 'alleged' claim." *Id.* at 2.[2]

The Objection was issued on negative notice under local rule, and no response was filed by Creditor. When presented with Debtors' proposed order, the Court determined that there were problems with the Objection on this record, necessitating this Decision.[3]

**DISCUSSION AND DISPOSITION**

This Court has previously summarized:

> Once a proof of claim is filed, it is prima facie evidence of the claim's validity, Rule 3001(f), and is deemed allowed unless a party in interest objects under § 502. *See Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). Once an objection is made, a proof of claim is still sufficient absent evidence of its invalidity. *Id.*

---

[2] The Claim asserts an nonpriority unsecured debt. Debtors' proposed amended chapter 13 plan is not yet confirmed. The recommendations of the chapter 13 trustee do not allow the Court to estimate the amount of dividend to general unsecured creditors.

[3] The Court has noted that it has an independent obligation to determine that the relief sought may appropriately be entered, even in the absence of response. *See, e.g.*, *In re Millspaugh*, 302 B.R. 90, 95, 04.1 I.B.C.R. 25 (Bankr. D. Idaho 2003); *In re Dale's Crane*, 99.1 I.B.C.R. 8 (Bankr. D. Idaho 1999); *accord United Student Aid Funds, Inc. v. Espinosa*, ___ U.S. ___, 130 S.Ct. 1367, 1377 (2010) (noting in the context of chapter 13 confirmation that bankruptcy courts have the authority, "indeed, the obligation" to ensure the relief requested conforms to the Code's requirements even absent creditor's objection).

MEMORANDUM OF DECISION - 2

> (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)). The burden of providing evidence of a proof of claim's invalidity rests with the objector. *Litton Loan Servicing, LP v. Garvida (In re Garvida)*, 347 B.R. 697, 706-07 (9th Cir. BAP 2006). If a debtor produces evidence to rebut the presumption of validity, the burden of persuasion shifts back to the claimant. *Id.*

*In re Holliday*, 11.2 I.B.C.R. 97, 97, 2011 WL 2518845, *2 (Bankr. D. Idaho 2011).

Debtors appear to attack the Claim because it lacks documentary proof. *See* Rule 3001(c) (requiring documents to be attached to a proof of claim if claim is based on a writing). A proof of claim not filed in accordance with the Rules does not constitute prima facie evidence of the validity and amount of the claim under Rule 3001(f). However, a creditor may establish a prima facie case for its claim through other methods:

> A proof of claim, when considered together with the relevant admissions in the schedules, establishes a *prima facie* case of the debtor's liability on the claim and shifts the burden of production to the debtor. If a debt is undisputed, no other creditor has filed a proof of claim for the debt, and the debtor doesn't present any evidence to dispute the debt or ownership of the debt, the objection to claim should be overruled based upon the preponderance of the evidence.

*In re MacFarland*, 462 B.R. 857, 881 (Bankr. S.D. Fla. 2011) (citations omitted). If the proof of claim is not prima facie valid, then the burden remains on the creditor in any hearing on an objection to that claim, presuming of course that the objection may be asserted in the first place. *In re Rehman*, 479 B.R. 238, 242 (Bankr. D. Mass. 2012).

MEMORANDUM OF DECISION - 3

Section 502(b) lists the nine exclusive grounds for disallowance of a claim. Failure to file the documents required by Rule 3001(c)(1) is not among those grounds. *See* § 502(b); *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 431 (9th Cir. BAP 2005). Violations of Rule 3001(c) do not satisfy the grounds for disallowance stated in § 502(b)(1) ("such claim is unenforceable . . . under any agreement or applicable law"). *Campbell v. Verizon Wireless S-CA (In re Campbell)*, 336 B.R. 430, 435 (9th Cir. BAP 2005).

Indeed, the Rule provides specific remedies for failing to provide the required documents, which do not include disallowing the claim:

> (D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3001(c)(2)(D).

Debtors argue that the Claim is defective in form, and that FIA has failed "to abide by the rule." Doc. No. 24 at 2. Rule 3001 establishes the requirements for a proof of claim. The claim must conform with the appropriate Official Form. *See* Rule 3001(a). The Claim here does. And, in an individual debtor's case, the creditor must itemize interest, fees, expenses or other charges. *See* Rule

MEMORANDUM OF DECISION - 4

3001(c)(2)(A). The Claim here does so.

Further, if the claim is based on a writing, the original or a duplicate of the writing must be attached. *See* Rule 3001(c)(1).[4] There is no writing attached to the Claim. But as the Court discussed above, disallowance of the claim is not an appropriate remedy for a violation of Rule 3001(c)(1). Under other circumstances, Debtors could request either of the evidentiary sanctions listed under Rule 3001(c)(2)(D) in further litigation over the claim. However, Debtors have not asserted a valid ground for disallowing the claim under § 502(b). Because the objection does not state a valid ground, the Court will deny the objection without prejudice. If Debtors have a valid ground for objecting to the claim under § 502(b), they may assert a new objection.[5]

---

[4] On December 1, 2012, absent contrary Congressional action, an amendment to the Rules will take effect, under which creditors owning "open-end or revolving consumer credit accounts" will be required to provide a statement including specific information about the account, and will only have to provide a copy of the writing on which the claim is based if a party in interest requests it. *See* U.S. Supreme Court Order 12-0022 (April 23, 2012).

[5] Before Debtors assert a new objection, they may want to consider additional case law that precludes debtors from objecting to a proof of claim when they scheduled the claim and did not mark it disputed, contingent or unliquidated. Such objections have been barred by judicial estoppel, which precludes a party from taking an inconsistent position from the one it earlier asserted, *see In re Reynolds*, 470 B.R. 145–49 (Bankr. D. Colo. 2012), or have been barred as a violation of Rule 9011(b), *see MacFarland*, 462 B.R. at 882. That Debtors' scheduling of the claim is a mere $.32 different from the proof of claim filed by FIA would also appear rather telling.

MEMORANDUM OF DECISION - 5

**CONCLUSION**

The Objection does not state a valid ground for disallowing the Claim, and it will be denied without prejudice. The Court will enter an order accordingly.

DATED: November 7, 2012



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE